## SET OFF.

CHARLES F. BEMIS *vs.* ELIAS SIMPSON.

*Bill for Discovery, Relief, and Injunction. Demurrer to Bill for want of Equity.*

A Court of Equity will not interfere to set off a claim, not subsisting at the commencement of an action at law, against the judgment when rendered, even upon the suggestion that the plaintiff at common law is insolvent.

This bill was filed by the complainant, to enjoin Simpson, the plaintiff at common law, from proceeding upon an execution, obtained against Bemis, at the August adjourned term, 1842, of Early Superior Court, for the sum of one thousand and fifteen dollars and sixty-eight cents. The bill charges, that since the commencement of the suit against Bemis, by Simpson, but before judgment, upon which the execution has been obtained, Bemis, the complainant in this bill, in a fair and legal course of trade, for a valuable consideration, had become the owner, bearer, and endorsee, of three several promissory notes, made by the said Simpson, and payable to one Park G. Street, all of said promissory notes having become due, in January and June, of 1838 and 1839, amounting to the sum of six thousand dollars, besides interest. The bill charges that Simpson, having no visible property, would, in the belief of the complainant, either avoid through design, or would be really incapable of responding to the complainant, in an action at common law, for the recovery of the three promissory notes aforesaid ; and for these reasons, seeks to enjoin Simpson, upon his fi. fa. and to compel him to set off, upon the promissory notes belonging to Bemis, the full amount of the principal, interest and costs, upon the fi. fa. of Simpson.

The respondent demurred to the bill, for the the want of equity, and moved to dismiss the same, with the injunction.

In the consideration of this bill, the only equitable feature presenting itself is, that Bemis, being the endorsee of the promissory notes before described, apprehends the loss of any recovery, that may be

[Bemis *vs.* Simpson.]

had against Simpson, upon the allegation of Simpson's *insolvency*. In reviewing the authorities, however, it is very clear, that the demurrer must be sustained, and the bill dismissed. It is true, that the case of Reynolds *vs.* Burling, in a note to Sullivan *vs.* Montague, 1 *Douglass*, 106, 112, would seem to go to establish that a subsequent matter of set off may be allowed, at any time before plea pleaded. But these decisions, in England, have been overruled, by the cases of Evans *vs.* Prosser, 3 *T. R.* 186, and Dickson *vs.* Evans, 6 *T. R.* 59. The authorities, as they now exist upon this subject, particularly in this country, I believe, are by no means at all conflicting. They all agree, so far as I have examined them, that debts, to be set off, must be mutual, subsisting, debts, at the time the action is commenced.—Shepherd *vs.* Turner, 3 *McCord's R.* 249 ; Carpenter *vs.* Butterfield, 3 *Johns. Cas.* 145.

The same doctrine prevails, in cases of bankruptcy. To entitle a person to a set off, his demand must be an existing one, at the time the bankruptcy happens.—Dickson *vs.* Evans, 6 *T. R.* 59. The same rule has been adopted, with regard to executors and administrators. Debts, mutually subsisting at the death of the testator or intestate, only, are allowed to be set off.—May, adm'r of White *vs.* Flak, 2 *Nott & McCord*, 398. The doctrine of set off is an equitable one ; and Courts are disposed to favor it. But, in doing so, there is one maxim, that must not be overlooked—that, in set off, " *equitas sequitur legem*," equity must follow the law, and wherever the law favors a set off, Courts of law and of equity are, and should be, inclined to its favor.

The complainant in this bill has shewn, that he came into possession of the notes against Simpson, since the commencement of Simpson's action against him, and before verdict. He cannot now be entitled to his injunction, not having been in possession of the notes, at a time when he could, under proper circumstances, call upon a Court of Equity, to aid him in a demand of set off. The allegation of insolvency does not alter the question, as the facts present themselves in this bill. If this allegation made it at all equitable, that the complainant should be allowed his set off, having come into the possession of the notes upon Simpson, since the commencement of Simpson's action, but before verdict ; he has lost, by

[Bemis *vs.* Simpson.]

negligence, his rights, if indeed they could have ever existed.    Courts of Equity will rarely enjoin a verdict at law, unless some unconscionable advantage, through the artifice and trickery of the opposite party, has been obtained; such, for instance, as an agreement by Simpson, to allow Bemis his set off, provided Bemis would let his, Simpson's, demand go into judgment.    Bemis knew Simpson's condition, at least the law *so presumes it,* at the time he received the notes upon Simpson : and if Simpson is really insolvent, it cannot now be made a reason, to allow Bemis his set off.    Having purchased the notes upon Simpson, since the commencement of his action, he must institute his action at Law, upon the notes, if he wishes to recover upon them.

The demurrer is therefore sustained, and the bill ordered to be dismissed.

J. S. Patterson, Counsel for Complainant.
John H. Jones,      "      "    Respondent.